## SUFFICIENT REASON FOR TERMINATING CONTRACT FOR SALE OF GOODS.

Circuit Court of Cuyahoga County.

THE BELL GARMENT COMPANY v. THE UNITY SILK COMPANY.

Decided, March 24, 1911.

*Contract—Breach by Purchaser Relieves Seller from Contract.*

A garment company being indebted to a silk company for silk fur-
nished it, agreed to pay its bills when due, if the silk company
would furnish it further silk, "up to twenty-five pieces, as many
as you can at once." Accordingly the silk company shipped two
more pieces of silk but the garment company, instead of paying
its bills then due, sent on a check for only part of the amount
keeping out a certain sum, as it claimed, "for the purpose of pro-
tecting it and guaranteeing that the silk company would perform
its contract in the future." *Held:* By so doing the garment com-
pany gave good excuse to the silk company to terminate the con-
tract.

*Fred Desberg,* for plaintiff in error.
*Weed, Miller & Rothenberg,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The silk company sued the garment company on an account for
goods sold and delivered. The garment company counter-claimed
for damages arising out of the silk company's failure to deliver
all the goods ordered. Judgment was for the silk company.

It appears that in November, 1906, by correspondence, an
agreement was entered into between the parties for the sale
of sixty-six pieces of black taffeta silk to be according to sample.
Certain pieces were shipped in November and December, which
were not according to sample, but the garment company kept
them and an allowance in price was made. Terms of payment
were seventy days, and the bills for these shipments came due
in February, 1907. Meanwhile, the silk company appears to
have tried to get out of delivering the balance of the order, the
price of such silk having gone up. However, in February, the

garment company wrote the silk company that if the latter would ship it "up to twenty-five pieces, as many as you can, at once," it would pay its bills when due. And a few days later, after another bill had come due, it wrote: "We would ask you to hurry some of this forward as we are only wanting to see how this comes up as compared to the material originally purchased of you, before remitting on account."

Accordingly, the silk company on March 7 shipped two more pieces of silk of the required quality to the garment company, but the latter, instead of paying its bills then due, as it had agreed to, sent on a check for only part of the amount, keeping out a certain sum, as it claimed, for the purpose of protecting it and guarantceing that the silk company would perform its contract in the future.

We think that by so doing the garment company gave good excuse to the silk company for terminating the contract.

No matter what the conduct of the silk company had been before that time, the garment company had waived all breaches of the contract by urging that twenty-five more pieces be sent on, and agreeing to pay its pending bills upon receipt of part of said order. The earnest of the silk company that it would continue to ship, was very small, only two pieces, but it complied with the agreement and the garment company was obliged to pay its bills. This it refused to do and thereby authorized the silk company to terminate the contract. The judgment was properly for the silk company.

We find no error in the ruling on evidence complained of, and the judgment is affirmed.